## WALL et al. v. RANDERSON et al.

No. 10091—Opinion Filed April 12, 1921.

(Syllabus.)

1. **Deeds—Validity—Inadequacy of Consideration—Applicability of Statute.**

Section 1174, Rev. Laws 1910, was enacted for the benefit of the creditors of the grantor, and does not apply in an action between the grantor and grantee to set aside a conveyance of land for fraud and misrepresentation in its procurement.

2. **Same—Judgment—Sufficiency of Evidence —Amendment of Pleading — Appeal — Prejudicial Error.**

Record examined, and held: (1) That the findings of fact of the trial court are sufficiently supported by the evidence. (2) That the trial court did not err in refusing to allow the plaintiff to amend his petition after the court had announced its decision. (3) That the remaining action of the court complained of is so clearly in favor of the plaintiff that it cannot constitute prejudicial error.

Error from District Court, Garvin County; F. B. Swank, Judge.

Action by Delilah Wall and another against R. S. Randerson and others to cancel deed. Judgment for defendants, and plaintiffs bring error. Affirmed.

B. C. Wadlington, for plaintiffs in error.

Warren K. Snyder, for defendants in error.

KANE, J. This was an action to cancel a deed upon the ground of fraud and misrepresentation in its procurement, commenced by the plaintiffs in error, plaintiffs below, against the defendants in error, defendants below. Upon trial to the court there was judgment in favor of the defendants, to reverse which this proceeding in error was commenced.

While the brief of counsel for plaintiffs in error does not contain the specifications of error complained of separately set forth and numbered as required by rule 26 of this court (47 Okla. x), from a close scrutiny thereof, we are able to summarize the following grounds for reversal:

(1) The judgment of the trial court is not sustained by the evidence.

(2) The trial court erred in refusing to allow plaintiffs to amend their petition to conform with the proof and in not holding that the deed to Randerson was, in effect, an equitable mortgage.

(3) The trial court erred because the judgment, in effect, makes a new contract between the parties.

The first contention is based upon the theory that the evidence shows that the deed was made without a fair and valuable consideration and is, therefore, void under section 1174, Rev. Laws 1910, which provides as follows:

"Every conveyance of real estate or any interest therein, and every mortgage or other instrument in any way affecting the same, made without a fair and valuable consideration, or made in bad faith, or for the purpose of hindering, delaying or defrauding creditors, shall be void as against all persons to whom the maker is at the time indebted or under any legal liability."

It is sufficient to say of this contention that this action was commenced by the grantor in the deed, and not by a person to whom he was indebted, and therefore this statute, which was enacted for the benefit of creditors, does not apply. Moreover, according to the findings of the trial court the plaintiffs received a fair consideration for their deed and have no ground to complain on that score. It is true that counsel for plaintiffs in error in his brief earnestly asserts that, while the land was of the value of $12,000, the grantors received therefor only $1,500; but the court found that the land was of the value of $5,000 and the grantors received something over $4,000 for it, and this finding is fairly supported by the evidence. It appears that there was a mortgage indebtedness against the land of something more than $4,000, and that, in addition to assuming this indebtedness, the grantee in the deed paid the grantor $100 in cash. We find no such disparity between this consideration and the value of the land as would justify a court of equity in inferring fraud from mere inadequacy of consideration alone.

The deed was given under the following circumstances: Randerson, the grantee, held a mortgage upon the land against the grantors for something over $4,000, principal and interest. An agent of the grantee called upon the grantors with a view of collecting the mortgage indebtedness. The grantors, who were also the mortgagors, being unable to pay either the principal or interest, executed a deed to Randerson in consideration of $100, which deed and money were placed in escrow in a bank, together with an agreement whereby the deed was to be delivered to the grantee and the money to the grantor if the interest due upon the mortgage was not paid within 30 days. Thirty days having expired without the interest being paid, the deed was forwarded to the grantee and the money to the grantor according to the stipulation. This is the state of facts which counsel contends sustains his motion to have the deed declared a mortgage. No authorities are cited in support of this contention, and, as it does not appear to us to be well taken, we will not interfere with the ruling of the trial court on this point. Moreover, it appears that the motion for leave to amend was not made until after the court announced its decision, and that it was upon this specific ground that the motion was overruled. We cannot say that this was an abuse of discretion on the part of the trial court.

The remaining assignment of error is based upon the theory that the evidence shows that the contract for the deed provided that the sole consideration therefor should be $100, and therefore the action of the court in requiring defendant to pay off the entire mortgage indebtedness, amounting to over $4,000, in order to avoid the possibility of any personal liability arising against the mortgagors, was, in effect, making a new contract for the parties. While we are unable to agree with this theory, this action of the trial court was so clearly in favor of the plaintiffs in error that it could not possibly constitute prejudicial error.

Finding no reversible error in the record, the judgment of the trial court must be affirmed.

HARRISON, C. J., and JOHNSON, MILLER, and KENNAMER, JJ., concur.